UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EARL LINDSEY,<br>Plaintiff,<br>v.<br>JASON JUCUTAN, et al.,<br>Defendants. | Case No. 22-cv-05196-VC<br><br>**ORDER OF DISMISSAL** |

James Earl Lindsey, currently a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against members of the Santa Rosa Police Department after his initial arrest in 2022. The case was stayed during his criminal trial and the stay was lifted after his conviction in 2025 of attempted robbery, false imprisonment with violence, threatening to commit a crime with intent to terrorize, assault with a firearm on a person, possession of narcotics, possession of a controlled substance, and firearm possession charges. *See* Dkt. No. 35 at 2. The court then allowed Lindsey to file a Second Amended Complaint (SAC). Dkt. No. 56. The SAC is currently before the court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B), and is dismissed for failure to state a claim.

**DISCUSSION**

**I. Standard of Review**

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a).

*Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Filings by non-prisoners proceeding *in forma pauperis* are also subject to screening, pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), the court must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," "fail[ ] to state a claim upon which relief may be granted," or "seek[ ] monetary relief from a defendant who is immune from such relief." A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

## II. Lindsey's Allegations

Lindsey names as defendants Santa Rosa police officers Jucutan and Badger. He claims unreasonable detention, excessive force, failure to intervene, civil conspiracy, and unlawful seizure of personal property in violation of his Fourth and Fourteenth Amendment rights. He alleges as follows: On March 17, 2022, Officer Berg was dispatched to the Quail Run Apartments in Santa Rosa for a report of someone brandishing a firearm. He met with the victim, who described being approached by a person wearing a mask and carrying a gun who accused

the victim of stealing some items from his truck. The victim saw very little of the perpetrator's face, but believed him to be someone with whom he had had a brief encounter several weeks prior. Officer Berg completed an investigation report and arrest warrant affidavit in which he left out the information that the victim had been unable to see the perpetrator's face. Officer Berg caused a "stop and hold" to be placed on Lindsey, which he forwarded to defendants Jucutan and Badger. The "stop and hold" noted that officer safety was a concern and that Lindsey had an extensive criminal history that included firearms. Based on the "stop and hold," defendants detained Lindsey at gunpoint on March 18, 2022. Defendants pulled Lindsey over in his vehicle near his home, and Lindsey complied. Defendants trained their firearms at Lindsey and commanded him to put both hands outside of the driver's side window, and Lindsey complied. He complied with more commands to get out of the car and walk toward the officers, and to kneel on the pavement with both hands behind his head. He was handcuffed and placed in the patrol vehicle, and his car was searched.

Lindsey maintains that defendants did not have a warrant or probable cause to search or seize him or his vehicle, and that pointing their guns at him was excessive force. He maintains that each defendant failed to intervene in the other's excessive force, and that they conspired to deprive him of his civil rights. He also maintains that Jucutan seized his cell phone and house keys without probable cause or a warrant, and has retained that property since without justification and without providing Lindsey an opportunity to contest its continued retention.

Lindsey seeks damages.

Lindsey's attachments to the SAC include the following: Officer Berg's March 17 investigation report, an excerpt from an interview with the victim, an excerpt from the victim's trial testimony, Officer Berg's arrest warrant affidavit, the "stop and hold" issued by Officer Berg, defendant Jucutan's supplement report dated March 19, and Lindsey's motion to dismiss the charges against him based on fabrication of evidence for Officer Berg's failure to include the information that the victim did not see the suspect's face at the time of their March 17 interaction.

## III. Analysis

Lindsey has not stated a claim against either defendant for unreasonable detention or false arrest in violation of the Fourth Amendment. Because a finding of false arrest "would necessarily imply the invalidity of his conviction," which has not been overturned or invalidated, the claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006). "Wrongful arrest, malicious prosecution, and a conspiracy . . . to bring false charges . . . could not have occurred unless he were innocent of the crimes for which he was convicted." *Id.*

Lindsey has not stated an excessive force claim against either defendant, nor a failure to intervene in excessive force claim, nor a conspiracy to use excessive force claim. Lindsey's allegations show that at the time defendants pulled over his car, they had a reasonable basis for believing that he had brandished a weapon at the victim the day before, and had a history of firearm offenses. They had a reason to believe he was armed. Although Lindsey takes issue with Officer Berg's omission of the information in his report that the suspect was masked, he does not allege that defendants were aware of that omission. Even if he did so allege, the victim's basis for believing that Lindsey was the perpetrator, even if he did not see his face during the incident, is enough of a basis for the amount of force that Lindsey alleges the officers to have used.

In the Ninth Circuit, evaluation of a claim of excessive force under *Graham v. Connor*, 490 U.S. 386, 394-95 (1989) involves three steps: (1) assessment of the severity of the intrusion on Fourth Amendment rights by evaluating the type and amount of force used; (2) evaluation of the government's interest in the use of force; and (3) balancing the gravity of the intrusion on the individual with the government's need for the intrusion. *Glenn v. Washington County*, 673 F.3d 864, 872 (9th Cir. 2011). While the pointing of a gun at a suspect during a stop or arrest without harming the suspect can constitute excessive force, Lindsey's complaint describes a situation in which the officers' interest in safety justifies the severity of the intrusion. Lindsey does not allege that the officers put a gun to his head, or that they drew their guns when it was obvious that he was unarmed, or that he was greatly outnumbered. He has failed to state a claim. *See*

*Hopson v. Alexander*, 71 F.4th 692, 703 (9th Cir. 2023) ("gun-pointing is permitted 'when an officer reasonably believes force is necessary to protect his own safety or the safety of the public.'").

Whether a search or seizure claim is barred by *Heck* when there is a conviction in place depends upon whether the material seized constituted evidence in the criminal case upon which the conviction was based. An action under 42 U.S.C. § 1983 seeking damages for an alleged illegal search and seizure of evidence upon which criminal charges are based is barred by *Heck* until criminal charges have been dismissed or the conviction has been overturned. *Harvey v. Waldron*, 210 F.3d 1008, 1015-16 (9th Cir. 2000).

To the extent defendants seized anything from Lindsey's person or vehicle during the challenged search that was used as evidence in his criminal case, the search and seizure claims are *Heck*-barred. To the extent defendants seized something that was not used as evidence, the search of Lindsey's person and vehicle during the course of his arrest was nonetheless constitutional without a warrant. *See Arizona v. Gant*, 556 U.S. 332, 339 (2009). A legitimate search incident to arrest is limited to the arrestee's person and to the area within his immediate control, meaning the area from within which he might gain possession of a weapon or destructible evidence. *See id.* Search of a vehicle is permitted incident to arrest where the officer reasonably believes the arrestee might access their vehicle at the time of the search, or that evidence of the arrest offense might be found in the vehicle. *See id.* It was reasonable for defendants to believe that Lindsey's vehicle might contain evidence of the charges for which he was arrested.

Although the exception to the warrant requirement for searches incident to arrest does not extend to searching digital information on a cell phone seized from an individual who has been arrested, *Riley v. California*, 573 U.S. 373, 403 (2014), Lindsey has not alleged that Jucutan searched the digital information on his phone without a warrant. He alleges only that he seized and retained his phone and keys. Even if Lindsey's keys and phone were not used as evidence in his trial, and the claim would not be *Heck*-barred, seizure of those items upon arrest would have

been constitutional, and Lindsey does not state a claim with respect to the retention of that property because he is currently incarcerated in state prison and is not allowed to possess those items.

## CONCLUSION

Lindsey's SAC is dismissed for failure to state a claim upon which relief can be granted. Leave to amend is not granted because it would be futile. *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008). The Clerk shall terminate any pending motions, enter judgment for defendants, and close the file.

**IT IS SO ORDERED.**

Dated: July 20, 2026

VINCE CHHABRIA
United States District Judge